**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
WESLEY J. SMITH, ESQ. (11871)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
kbc@cjmlv.com, wes@cjmlv.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND, | CASE NO.: 2:15-cv-01998-GMN-GWF |
| Plaintiff, | **STIPULATION FOR ENTRY OF JUDGMENT BY CONFESSION AGAINST HEINAMAN CONTRACT GLAZING, INC. AND FOR STAY OF EXECUTION** |
| vs. | |
| HEINAMAN CONTRACT GLAZING, INC., a California corporation; JOHN L. HEINAMAN, an individual; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive, | |
| Defendants. | Date: N/A<br>Time: N/A |

IT IS HEREBY STIPULATED AND AGREED between Plaintiff THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND ("Plaintiff" or "Trust") and Defendant HEINAMAN CONTRACT GLAZING, INC. ("Defendant" or "HCG") as follows:

1. This Stipulation for Entry of Judgment by Confession against Heinaman Contract Glazing, Inc. and for Stay of Execution ("Stipulation") is entered into by and between the above-named parties to settle and conclude certain legal disputes relating to the payment of fringe

1

benefit contributions, interest, liquidated damages and attorney's fees owed to the Plaintiff by the Defendant.

2. Pursuant to the terms of a Judgment by Confession ("Judgment"), Judgment shall be entered in favor of the Plaintiff and against HCG only, in the total sum of Five Hundred Sixty Seven Thousand Four Hundred Fifty Nine and 36/100 Dollars ($567,459.36), which includes all pre-judgment damages owed to the Trust, including fringe benefit contributions, interest, liquidated damages, audit costs, attorney's fees and costs, for the period of January 1, 2011 through March 31, 2015 ("Audit Period") and April 1, 2015 through November 30, 2015 ("Post-Audit Period").

3. Execution on the Judgment shall be stayed pursuant to the terms of this Stipulation and the terms of the Judgment. In the event of Defendant's Default as provided for under the Judgment, Plaintiff shall have the right to file a Notice of Termination of Stay of Execution on the Judgment informing the Court that the stay has been terminated by Defendant's Default.

4. This Stipulation is conditioned by certain and specific terms contained within the Judgment executed contemporaneously herewith and incorporated herein by this reference, as though fully restated herein.

Dated: January ___, 2016.

CHRISTENSEN JAMES & MARTIN

By: _____
Wesley J. Smith, Esq.
Attorneys for Plaintiff Southern Nevada
Glaziers & Fabricators Pension Trust

Dated: January 16, 2016.

SHULMAN HODGES & BASTIAN, LLP

By: _____
James C. Bastian, Esq.
Attorneys for Defendants Heinaman
Contract Glazing, Inc. and John L.
Heinaman,

2

benefit contributions, interest, liquidated damages and attorney's fees owed to the Plaintiff by the Defendant.

2. Pursuant to the terms of a Judgment by Confession ("Judgment"), Judgment shall be entered in favor of the Plaintiff and against HCG only, in the total sum of Five Hundred Sixty Seven Thousand Four Hundred Fifty Nine and 36/100 Dollars ($567,459.36), which includes all pre-judgment damages owed to the Trust, including fringe benefit contributions, interest, liquidated damages, audit costs, attorney's fees and costs, for the period of January 1, 2011 through March 31, 2015 ("Audit Period") and April 1, 2015 through November 30, 2015 ("Post-Audit Period").

3. Execution on the Judgment shall be stayed pursuant to the terms of this Stipulation and the terms of the Judgment. In the event of Defendant's Default as provided for under the Judgment, Plaintiff shall have the right to file a Notice of Termination of Stay of Execution on the Judgment informing the Court that the stay has been terminated by Defendant's Default.

4. This Stipulation is conditioned by certain and specific terms contained within the Judgment executed contemporaneously herewith and incorporated herein by this reference, as though fully restated herein.

Dated: January 26, 2016.

CHRISTENSEN JAMES & MARTIN

By: _____
Wesley J. Smith, Esq.
Attorneys for Plaintiff Southern Nevada
Glaziers & Fabricators Pension Trust

Dated: January ___, 2016.

SHULMAN HODGES & BASTIAN, LLP

By: _____
James C. Bastian, Esq.
Attorneys for Defendants Heinaman
Contract Glazing, Inc. and John L.
Heinaman,

2

**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
WESLEY J. SMITH, ESQ. (11871)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
kbc@cjmlv.com, wes@cjmlv.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND, <br><br> Plaintiff, <br><br> vs. <br><br> HEINAMAN CONTRACT GLAZING, INC., a California corporation; JOHN L. HEINAMAN, an individual; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive, <br><br> Defendants. | CASE NO.: 2:15-cv-01998-GMN-GWF <br><br> **JUDGMENT BY CONFESSION AGAINST HEINAMAN CONTRACT GLAZING, INC.** <br><br> Date: N/A <br> Time: N/A |

Pursuant to the express Stipulation and Consent for Entry of Judgment by Confession ("Stipulation"), and good cause appearing herefor, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by

1

ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties. To the extent this Case presents any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Plaintiff trust fund is administered.

4. Plaintiff, Southern Nevada Glaziers and Fabricators Pension Trust ("Plaintiff" or "Trust"), is an express trust created pursuant to a written declaration of trust, consistent with § 302(c) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 186(c)(5)], existing to provide benefits to participants in Nevada and California.

5. At all times material herein, the International Union of Painters and Allied Trades, District Council 36, Glaziers, Architectural Metal and Glass Workers Local Union No. 636 ("Union") has been a labor organization representing employees in the construction industry in southern California. The Union is a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

2

6. Defendant Heinaman Contract Glazing, Inc. ("HCG") is party and signatory to one or more labor agreements with the Union whereby HCG agreed to be bound by the terms and conditions of the Glaziers, Architectural Metal and Glassworkers Local Union 636 Master Labor Agreement ("Labor Agreement").

7. By executing the Labor Agreement, HCG also agreed to be bound by the terms and provisions of the Trust Agreement utilized to create the Trust. The Trust is an intended beneficiary of the Labor Agreement.

8. Plaintiff shall take Judgment by Confession ("Judgment") against HGG, for the sum of Five Hundred Sixty Seven Thousand Four Hundred Fifty Nine and 36/100 Dollars ($567,459.36) ("Judgment Amount"), including fringe benefit contributions, interest, liquidated damages, audit costs, attorney's fees and costs, for the period of January 1, 2011 through March 31, 2015 ("Audit Period") and April 1, 2015 through November 30, 2015 ("Post-Audit Period").

9. Interest shall accrue on the Judgment Amount, less any payments received, at the rate of seven percent (7%) per annum until paid in full.

10. The Judgment Amount shall be paid to Plaintiff as third party beneficiary under the terms of the Labor Agreement.

11. This Judgment includes settlement of all known claims by Plaintiff for fringe benefit contributions and damages owed to the Trust for the Delinquency Period for work performed in Southern California under the jurisdiction of the Labor Agreement.

12. This Judgment is not intended to, and it does not, resolve, address or secure claims that are as yet unknown to the Trust, including any claims that may later be revealed by payroll compliance review ("Audit") for the Delinquency Period or any other period that has not been audited. The Trust reserves all Audit rights for periods that have not been audited. The

3

...

Parties acknowledge that an Audit is currently underway for the Post-Audit Period and that additional claims may be discovered in that process. Such claims are not resolved by this Judgment, but the Parties agree to negotiate those claims in good faith if such claims are discovered.

13. This Judgment does not include any claims, known or unknown, arising from obligations owed to the Trust pursuant to any labor agreement with International Union of Painters and Allied Trades, District Council 15, Glaziers Union Local No. 2001.

14. Execution and enforcement of this Judgment shall be stayed ("Execution Stay") until January 15, 2016, provided that:

    a. HCG makes a good faith effort to develop a long term plan to pay the Judgment Amount;

    b. HCG provides updated and ongoing financial information regarding the company so the Trust can evaluate collection prospects without need to pursue judgment debtor examination remedies;

    c. HCG provides updated and ongoing project payroll information so the Trust can continue to pursue project claims from third parties;

    d. HCG cooperates with the Trust's Auditor's requests for documents and information for the purpose of completing a payroll compliance review of the Post-Audit Period;

    e. HCG stays current on all ongoing contribution report and payment obligations, as set forth in Paragraph 15 below; and

    f. HCG remains a going concern.

4

15. As further consideration, to avoid any additional delinquencies and to fully resolve the legal claims asserted by the Plaintiff, HCG shall timely pay all contributions that fall due while the Execution Stay is in effect (i.e. a report and contribution payment for work performed during November 2015, due on December 20, 2015). HCG shall remit a monthly report to the Trust listing hours worked by their covered employees, and shall submit a check to the Trust to pay contributions owed for such hours. The reports and payments shall be delivered to the Plaintiff or its designee(s) on or before the 20th day of the month following the calendar month in which the covered hours of work listed on the reports were performed.

16. The Execution Stay shall not prevent the Trust from pursuing claims against third parties, including but not limited to mechanic's lien and stop notice rights. The Trust agrees, to the extent permitted by statutory deadlines, to provide HCG reasonable notice and opportunity to work out alternative payment arrangements before filing and or recording claims against third parties.

17. HCG shall have the option to extend the Execution Stay an additional thirty (30) days by delivering to the Trust a cashier's check in the amount of Five Thousand Dollars ($5,000). This option shall only be available two (2) times. The Execution Stay will not be extended beyond March 15, 2016, in any event. Any payments to extend the Execution Stay will be applied toward and reduce the Judgment Amount in the amount of the payment.

18. While the Execution Stay is in effect the Trust shall hold in abeyance its claims against HCG's license surety bond, Bond No. 230539 issued by Defendant American Contractors Indemnity Company.

19. Any payments toward the Judgment Amount, including any payment to extend the Execution Stay, shall be made payable to "Southern Nevada Glaziers & Fabricators Pension

5

Trust" and shall be remitted to Plaintiff's attorney, Christensen James & Martin, at 7440 W. Sahara Ave., Las Vegas, NV 89117, or at such other location as HCG is notified in writing. Should any of HCG's payments be returned for insufficient funds, all subsequent payments shall be made using cashier's checks or money orders.

20. The Execution Stay shall be immediately revoked and the Plaintiff may immediately file a Notice of Termination of Stay of Execution and immediately proceed to execute and enforce the Judgment if any of the following events occur:

   a. HCG fails to make a good faith effort to develop a long term plan to pay the Judgment Amount;
   b. HCG fails to provide updated and ongoing financial information regarding the company;
   c. HCG fails to provide updated and ongoing project payroll information;
   d. HCG fails to cooperate with the Trust's Auditor's requests for documents and information;
   e. HCG fails to submit all ongoing contribution reports and payments when due; or
   f. HCG commences dissolution, files bankruptcy (the Parties acknowledge that the automatic stay under 11 U.S.C. § 362 would then apply), or attempts to liquidate assets outside of the ordinary course of business.

21. The following potential claims are reserved by the Trust: (i) any claims unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by the Trust for additional contributions and related damages that may be due and owing to the Trust pursuant to the provisions of any collective bargaining agreement

to which HCG may be bound that requires the payment of contributions to the Trust; (ii) the obligation of HCG or any trade or business under common control of HCG (to the extent HCG or any trade or business under common control with HCG has any obligation) to pay, and the rights of the Trusts to assess and collect, withdrawal liability pursuant to 29 U.S.C. § 1381 *et. seq.* (including the use of HCG's contribution history for purposes of calculating any withdrawal liability); and (iii) any additional claims discovered by audit for any period.

22. The Stipulation and this Judgment shall be considered one instrument and shall become binding when signed. Signatures to the Stipulation and Judgment, as provided via facsimile or scanned document, shall be valid and shall be deemed the equivalent of original signatures.

23. HCG has consulted the attorney of its choice and fully understands the obligations and consequences of this Judgment.

24. This Judgment constitutes the entire agreement between the Plaintiff and the HCG and shall supersede any and all prior oral and/or written representations, negotiations, understandings and agreements.

IT IS SO ORDERED.

DATED and done this __1__ day of February, 2016.

_____
UNITED STATES DISTRICT COURT JUDGE

[PARTY SIGNATURES FOLLOW]

7

| | |
|---|---|
| Dated: January 26, 2016.<br><br>CHRISTENSEN JAMES & MARTIN<br><br>By: /s/ Wesley J. Smith<br>Wesley J. Smith, Esq.<br>Attorneys for Plaintiff Southern Nevada<br>Glaziers & Fabricators Pension Trust | Dated: January ___, 2016.<br><br>HEINAMAN CONTRACT GLAZING, INC.<br><br>By: _____<br><br>Its: _____<br><br>APPROVED AS TO FORM & CONTENT:<br><br>Dated: January ___, 2016.<br><br>SHULMAN HODGES & BASTIAN, LLP<br><br>By: _____<br>James C. Bastian, Esq.<br>Attorneys for Defendants Heinaman<br>Contract Glazing, Inc. and John L.<br>Heinaman, |

## OATH AND VERIFICATION

STATE OF _____ )
                        : ss.
COUNTY OF _____ )

_____, as _____ of Heinaman Contract Glazing, Inc., being first duly sworn upon oath, now verifies and declares that:

1. Entry of this Judgment, according to its provisions, is duly authorized; and

2. The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

Further affiant sayeth naught.

_____
_____, its _____

Subscribed and Sworn before me
this _____ day of _____, 2016.

_____
Notary Public

| | |
|---|---|
| Dated: January ___, 2016. | Dated: January ___, 2016. |
| CHRISTENSEN JAMES & MARTIN | HEINAMAN CONTRACT GLAZING, INC. |
| | By: _____ |
| By: _____<br>Wesley J. Smith, Esq.<br>Attorneys for Plaintiff Southern Nevada<br>Glaziers & Fabricators Pension Trust | Its: _____ |
| | APPROVED AS TO FORM & CONTENT: |
| | Dated: January 12, 2016. |
| | SHULMAN HODGES & BASTIAN, LLP |
| | By: _____<br>James C. Bastian, Esq.<br>Attorneys for Defendants Heinaman<br>Contract Glazing, Inc. and John L.<br>Heinaman, |

## OATH AND VERIFICATION

STATE OF _____ )
                       : ss.
COUNTY OF _____ )

_____, as _____ of Heinaman Contract Glazing, Inc., being first duly sworn upon oath, now verifies and declares that:

    1.    Entry of this Judgment, according to its provisions, is duly authorized; and

    2.    The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

    Further affiant sayeth naught.

_____, its _____

Subscribed and Sworn before me
this _____ day of _____, 2016.

_____
    Notary Public

| | | |
|---|---|---|
| 1 | Dated: January ___, 2016. | Dated: January 26, 2016. |
| 2 | CHRISTENSEN JAMES & MARTIN | HEINAMAN CONTRACT GLAZING, INC. |
| 3 | | By: /s/ John L. Heinaman |
| 4 | By: _____<br>Wesley J. Smith, Esq. | Its: CHAIRMAN/CEO |
| 5 | Attorneys for Plaintiff Southern Nevada<br>Glaziers & Fabricators Pension Trust | APPROVED AS TO FORM & CONTENT: |
| 6 | | Dated: January ___, 2016. |
| 7 | | SHULMAN HODGES & BASTIAN, LLP |
| 8 | | By: _____ |
| 9 | | James C. Bastian, Esq.<br>Attorneys for Defendants Heinaman |
| 10 | | Contract Glazing, Inc. and John L.<br>Heinaman, |

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 ⋄ FAX: (702) 255-0871

OATH AND VERIFICATION

STATE OF CALIFORNIA )
            : ss.
COUNTY OF ORANGE )

John Heinaman, as CEO of Heinaman Contract Glazing, Inc., being first duly sworn upon oath, now verifies and declares that:

1. Entry of this Judgment, according to its provisions, is duly authorized; and

2. The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

Further affiant sayeth naught.

_____, its _____

Subscribed and Sworn before me BETH KEMP this 26th day of January, 2016. PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE to be THE PERSON who appeared BEFORE ME.

/s/ Beth Kemp
Notary Public

BETH A. KEMP
Commission # 2073216
Notary Public - California
Orange County
My Comm. Expires Jul 27, 2018